**UNITED STATES of America, Plaintiff—Appellee**

v.

**David BACON, Defendant—Appellant.**

**No. 07–30082.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 4, 2008.

Filed May 05, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

---

Thomas H. Edmonds, USPO–Office of the U.S. Attorney Mark O. Hatfield U.S. Courthouse, Portland, OR, for Plaintiff–Appellee.

James E. Leuenberger, Lake Oswego, OR, for Defendant–Appellant.

Before: FERNANDEZ, BERZON, BEA, Circuit Judges.

### MEMORANDUM *

David Bacon appeals his jury conviction in the United States District Court for five counts of unlawful interstate sale of a firearm to an unlicensed person in violation of 18 U.S.C. §§ 922(a)(5) and 924(a)(1)(D), and one count of making a false statement on a firearms acquisition form in violation of 18 U.S.C. § 924(a)(1)(A). Bacon asserts a variety of claims on appeal. We affirm the decisions of the district court.

**1.** Bacon contends that the federal statutes he was convicted of violating

are unconstitutional because they impose a duty on interstate commerce in firearms that is impermissible under the Export Clause of Article I, § 9, and infringe on the right to keep and bear arms under the Second Amendment. However, as regards the Export Clause, its restrictions are violated only when the government seeks to generate revenue by placing a tax or duty on exports in *international* commerce. *See United State v. Int'l Bus. Machines Corp.*, 517 U.S. 843, 859, 116 S.Ct. 1793, 135 L.Ed.2d 124 (1996); *Florida Sugar Mktg. and Terminal Ass'n v. United States*, 220 F.3d 1331, 1339–41 (Fed.Cir. 2000). The Supreme Court's opinion in *Brown v. Maryland*, 12 Wheat. 419, 25 U.S. 419, 6 L.Ed. 678 (1827), which also dealt with international commerce and considered a challenge brought under a different constitutional provision, the Import–Export Clause of Article I, § 10, is not to the contrary. *See id.* at 436–37, 445. Moreover, under this Court's controlling case law, which adheres to the "collective rights view" of the Second Amendment, Bacon, as an individual citizen, lacks standing to assert a constitutional right to bear and keep arms. *Silveira v. Lockyer*, 312 F.3d 1052, 1066, 1087 (9th Cir.2002); *San Diego County Gun Rights Comm. v. Reno*, 98 F.3d 1121, 1125 (9th Cir.1996). Similarly, Bacon has spelled out no rights under either the Ninth Amendment or the Tenth Amendment. *See United States v. Jones*, 231 F.3d 508, 514–515 (9th Cir.2000); *San Diego Cty. Gun Rights Comm.*, 98 F.3d at 1125. Finally, Bacon's Fifth Amendment claim is without merit, because the statutes of his conviction do not deprive him of property without due process of law; they merely require a license to sell a firearm

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

to an unlicensed person who resides in another state.

■ 2. Contrary to Bacon's assertion, there was no reversible error in the district court's finding that the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("BATF") agents who searched Bacon's residence did not deliberately and intentionally fail to present his mother, the sole person who was at home at the time, with a copy of the search warrant at the outset of their search. *United States v. Bynum*, 362 F.3d 574, 578 (9th Cir.2004). Therefore, the district court was not required to suppress the evidence seized in the search by the BATF. *See United States v. Williamson*, 439 F.3d 1125, 1133–34 (9th Cir.2006).

■ 3. Because Bacon failed to present even "slight evidence" that he lacked a predisposition to commit the offenses of which he was convicted, the district court did not err in denying his request that the jury be instructed on entrapment. *United States v. Marbella*, 73 F.3d 1508, 1512 (9th Cir.1996). Bacon showed no reluctance to commit the offense, the "most important factor" in determining the presence or absence of predisposition. *Id.* The undercover government agent merely provided him with the opportunity to make the firearm sales that were at issue, and there was no other inducement. *Id.*; *Perri v. Dept. of Treasury, BATF*, 637 F.2d 1332, 1337 (9th Cir.1981). Moreover, there is no basis for Bacon's assertion that the government bore the burden of establishing predisposition by showing his "actual knowledge of [the] law." *United States v. Hancock*, 231 F.3d 557, 562 & n. 3, 563 (9th Cir.2000).

■ 4. The district court did not abuse its discretion in denying Bacon's motion for a new trial on the false statement count. Bacon contends that the evidence

in the record proves that government witness Scott Carrie lied about the timing of a firearms trade which Bacon was convicted of falsely recording under 18 U.S.C. § 924(a)(1)(A). The evidence Bacon proffered in support of his motion for a new trial at best establishes there was a dispute in the evidence. The jury, as the trier of fact, was free to discredit Bacon's version of the events in favor of Carrie's testimony, or to conclude that the truth lay somewhere between the two versions—for example, that Carrie got the precise time wrong, but the transaction did take place before the gun show ended. Therefore, the evidence proffered by Bacon does not "preponderate[ ] sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred" so as to justify a new trial. *See United States v. Kellington*, 217 F.3d 1084, 1097 (9th Cir. 2000) (citation and internal quotation marks omitted).

■ 5. Nor, contrary to Bacon's assertion, do the firearms sales for which he was convicted fall within 18 U.S.C. § 925(a)(1)'s exemption from criminal liability under 18 U.S.C. § 922(a)(5) for "transportation, shipment, receipt, possession, or importation," of firearms for use of the government. Even assuming that § 925(a)'s exemption extends to "sell[ing]" firearms, 18 U.S.C. § 922(a)(5), this Court has held specifically that it does not apply to sales to undercover government agents. *See Perri*, 637 F.2d at 1337 (citing *United States v. Brooks*, 611 F.2d 614, 617–18 (5th Cir.1980) (stating that § 925(a) "does not exempt any sale or delivery of firearms[,] [but] ... expressly covers only the 'transportation, shipment, receipt, or importation' of firearms 'for the use of the United States' "), *overruled on other grounds by United States v. Henry*, 749 F.2d 203, 206 n. 2 (5th Cir.1984) (en banc)). The fact that *Perri* involved a license revocation

proceeding and not a criminal prosecution does not undermine this interpretation, particularly as *Perri* relied on *Brooks*, a criminal case, for its conclusion. *See* 637 F.2d at 1337 (citing *Brooks*, 611 F.2d at 618).

6. Finally, Bacon's conduct fell properly within the reach of § 922(a)(5)'s prohibitions because the undercover BATF agent to whom he sold firearms was a "person ... who [Bacon] ha[d] reasonable cause to believe does not reside in (or if the person is a corporation or other business entity, does not maintain a place of business in) the State in which [Bacon] resides." 18 U.S.C. § 922(a)(5). The agent was not, contrary to Bacon's contention, a "corporation or business entity" under the meaning of § 922(a)(5) simply by virtue of selling his labor.

AFFIRMED.